# IN THE SUPREME COURT OF TEXAS

═══════════

No. 10-0802

═══════════

MISSION CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, PETITIONER,

v.

GLORIA GARCIA, RESPONDENT

═══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

═══════════════════════════════════════════

**Argued January 10, 2012**

JUSTICE WILLETT delivered the opinion of the Court, in which JUSTICE HECHT, JUSTICE WAINWRIGHT, JUSTICE GREEN, JUSTICE JOHNSON, and JUSTICE GUZMAN joined.

CHIEF JUSTICE JEFFERSON filed a dissenting opinion, in which JUSTICE MEDINA and JUSTICE LEHRMANN joined.


This case raises a fundamental question of discrimination law: Can a plaintiff establish a prima facie case of age discrimination when undisputed evidence shows she was replaced by someone older? While the answer may seem obvious, courts in this state and the federal judiciary alike are anything but uniform in their response. The specific issue today is whether, under the Texas Commission on Human Rights Act (TCHRA), such a claimant is ever entitled to a

presumption of age discrimination under the *McDonnell Douglas* burden-shifting framework.[1] We answer no.

To establish a prima facie case of age discrimination under the TCHRA, we hold that a plaintiff in a true replacement case must show that he or she was (1) a member of the protected class, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) replaced by someone younger. Because it is undisputed that the plaintiff here was replaced by an older worker, she has failed to allege a prima facie case, and the trial court should have granted the defendant's plea to the jurisdiction. We reverse the court of appeals' judgment in part and render judgment dismissing this suit.

## I. Background

Gloria Garcia worked for the Mission Consolidated Independent School District for 27 years. The District fired her in 2003, and Garcia filed suit, alleging she was terminated in retaliation for her participation in certain protected activities and that she was also discriminated against based on her race, national origin, age, and gender. Garcia is a female of Mexican-American descent, and she was 48 years old when she was fired.

The District filed a plea to the jurisdiction,[2] arguing that Garcia's pleadings failed to establish a prima facie case of discrimination. The District attached evidence that Garcia was replaced by

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (setting forth the procedure for assessing a disparate-treatment claim when direct evidence of discrimination is lacking).

[2] This is the District's second interlocutory appeal to this Court after denial of a plea to the jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia* (*Garcia I*), 253 S.W.3d 653, 654–55 (Tex. 2008). The District's initial plea argued that the Tort Claims Act's election-of-remedies provision barred a number of Garcia's claims. *Id.* at 655. We held that the election scheme barred some of Garcia's original claims but did not bar recovery under the TCHRA. *Id.* at 660.

2

another Mexican-American woman who was three years older than Garcia. Garcia did not dispute this evidence and declined to request or submit any evidence of her own. The trial court denied the District's plea.

On interlocutory appeal, the court of appeals affirmed in part and reversed in part. On the race, national origin, and gender discrimination claims, the court held that the plea should have been granted because Garcia failed to show that she was replaced by a person outside those protected classes.[3] But on the age-discrimination claim, the court held that replacement by an older worker was not fatal to Garcia's claim. Applying the inferential "pretext" method of proof first articulated in *McDonnell Douglas*, the court held that an age-discrimination plaintiff can meet her prima facie burden by alleging she was replaced by someone younger or by "otherwise show[ing] that she was discharged because of age."[4] Because the District's evidence did not conclusively negate the "otherwise show" element, the court of appeals held that the plea was properly denied on Garcia's age-discrimination claim.

## II. Discussion

In this Court, the District argues that a plaintiff relying on the prima facie case to prove age discrimination must demonstrate that her replacement was younger; otherwise, she is not entitled to a presumption of discrimination and must submit direct evidence of discriminatory intent to defeat a plea to the jurisdiction. Because there is no dispute that Garcia's replacement was older and

---

[3] 314 S.W.3d 548, 557. Garcia did not file a petition for review challenging the court of appeals' disposition of these claims.

[4] *Id.* at 556 (citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1505 (5th Cir. 1988)).

because she submitted no other evidence to create a fact issue on discriminatory intent, the District argues that the trial court should have dismissed her age-discrimination claim. We agree.

Under the TCHRA, "an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment."[5] Section 21.051 is effectively identical to Title VII, its federal equivalent, except that Title VII does not protect against age and disability discrimination.[6] (Those forms of discrimination are addressed in separate statutes.[7]) Because one of the purposes of the TCHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964,"[8] we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA.[9]

As a result, Texas courts follow the settled approach of the U.S. Supreme Court in recognizing two alternative methods of proof in discriminatory treatment cases.[10] The first method, rather straightforward, involves proving discriminatory intent via direct evidence of what the

---

[5] TEX. LAB. CODE § 21.051.

[6] *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 475 (Tex. 2001); *see* 42 U.S.C. § 2000e-2(a) (2006).

[7] *See, e.g.*, Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (2006).

[8] TEX. LAB. CODE § 21.001(1).

[9] *Quantum Chem.*, 47 S.W.3d at 476 (citing *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999)).

[10] *See id.* at 476.

4

defendant did and said.[11]  However, the High Court recognized that motives are often more covert

than overt, making direct evidence of forbidden animus hard to come by.[12]  So to make matters easier

for discrimination plaintiffs, the Court created the burden-shifting mechanism of *McDonnell

Douglas*.[13]  Under this framework, the plaintiff is entitled to a presumption of discrimination if she

meets the "minimal" initial burden of establishing a prima facie case of discrimination.[14]  Although

the precise elements of this showing will vary depending on the circumstances, the plaintiff's burden

at this stage of the case "is not onerous."[15]  The *McDonnell Douglas* presumption is "merely an

evidence-producing mechanism that can aid the plaintiff in his ultimate task of proving illegal

discrimination by a preponderance of the evidence."[16]  The prima facie case "raises an inference of

discrimination only because we presume these acts, if otherwise unexplained, are more likely than

not based on the consideration of impermissible factors."[17]  Ultimately, if the defendant fails to

"articulate some legitimate, nondiscriminatory reason" for the employment decision, that

presumption will be sufficient to support a finding of liability.[18]

---

[11] *Id.*; *see also Wright v. Southland Corp.*, 187 F.3d 1287, 1289 (11th Cir. 1999).

[12] *See U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983).

[13] *McDonnell Douglas*, 411 U.S. at 802–05.

[14] *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *see also Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).

[15] *Burdine*, 450 U.S. at 253.

[16] *See Wright*, 187 F.3d at 1292–93.

[17] *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978).

[18] *See McDonnell Douglas*, 411 U.S. at 802–03.

The issue before us is whether the District's plea to the jurisdiction should have been granted here, where its evidence allegedly negated an element of Garcia's prima facie case and Garcia offered no evidence whatsoever to support her age-discrimination claim. To answer this question, we explore the elements of the prima facie case and whether these elements are "jurisdictional facts" properly addressed in a plea to the jurisdiction.

## A. Prima Facie Case as a Jurisdictional Issue?

We first address a threshold issue not raised by the parties or the courts below: Did the District properly challenge Garcia's prima facie case by way of a plea to the jurisdiction? In other words, does a plaintiff's failure to allege a prima facie case of age discrimination rob the trial court of jurisdiction over that claim or merely implicate the merits thereof? If the latter, the trial court should deny the plea to the jurisdiction and consider this challenge at the summary judgment phase or at trial. The District obviously believes this issue implicates jurisdiction, both lower courts treated it as such, and Garcia makes no argument to the contrary. But because this question deals with jurisdiction, we can (and must) consider it ourselves.[19]

## 1. Plea to the Jurisdiction Practice in Texas

The answer will depend on whether an analysis of Garcia's prima facie case calls for "a significant inquiry into the substance of the claims"[20] or instead constitutes a challenge to the "existence of jurisdictional facts" permitted by our plea to the jurisdiction practice.[21] A plea to the

---

[19] *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).

[20] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[21] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action "without regard to whether the claims asserted have merit."[22] Typically, the plea challenges whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case.[23] However, a plea to the jurisdiction can also properly challenge the *existence* of those very jurisdictional facts. In those cases, the court can consider evidence as necessary to resolve any dispute over those facts, even if that evidence "implicates both the subject-matter jurisdiction of the court and the merits of the case."[24]

In those situations, a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion.[25] Initially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction.[26] If it does, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue.[27] If a fact issue exists, the trial court should deny the plea.[28] But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law.[29]

---

[22] *Bland*, 34 S.W.3d at 554.

[23] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

[24] *Miranda*, 133 S.W.3d at 226.

[25] *Id.* at 228; *see also* TEX. R. CIV. P. 166a(c).

[26] *See Miranda*, 133 S.W.3d at 228.

[27] *Id.* (citing *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 420 (Tex. 2000)).

[28] *Id.* at 227–28.

[29] *Id.* at 228.

In the District's plea to the jurisdiction here, it argued that the trial court had no jurisdiction over the age-discrimination claim because Garcia "[could not] prove her prima facie case of discrimination as a matter of law." This argument necessarily implies that the elements of the prima facie case are themselves jurisdictional facts, and that a trial court has no jurisdiction over a discrimination suit against a governmental employer when the plaintiff cannot even meet the prima facie burden.

## 2. The Elements of the Prima Facie Case as Jurisdictional Facts

In a suit against a governmental employer, the prima facie case implicates both the merits of the claim *and* the court's jurisdiction because of the doctrine of sovereign immunity.[30] Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit.[31] As a result, immunity is properly asserted in a plea to the jurisdiction.[32] We held in *Garcia I* that "the TCHRA clearly and unambiguously waives immunity" for suits brought against school districts under the TCHRA.[33]

---

[30] *See id.* at 226.

[31] *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009).

[32] *Miranda*, 133 S.W.3d at 225–26 (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)).

[33] *Garcia I*, 253 S.W.3d 653, 660 (Tex. 2008). The District incorrectly contends that our opinion in *Garcia I* did not actually address the issue of whether the TCHRA clearly and unambiguously waives immunity for school districts. After analyzing the effect of the Tort Claims Act's election-of-remedies provision, we considered whether the TCHRA independently waived the District's immunity from suit. *Id.* at 659. We examined the language of the TCHRA's waiver provision and stated—with respect to the specific suit against the school district—that "[w]hile this Court has not previously addressed the issue, all the courts of appeals that have considered it have concluded that the TCHRA clearly and unambiguously waives immunity, and we agree." *Id.* at 660 (citing cases). There is nothing further for us to decide on this issue here.

8

However, the Legislature has waived immunity only for those suits where the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim thereunder.[34]

*State v. Lueck* is instructive. There, we were presented with a similar question of whether the elements of a statutory cause of action were properly challenged in a plea to the jurisdiction.[35] Lueck had sued the State and the Texas Department of Transportation (collectively TxDOT) for firing him in violation of the Whistleblower Act, which protects employees who "in good faith report[] a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority."[36] TxDOT filed a plea to the jurisdiction, claiming that despite the Legislature's waiver of immunity for Whistleblower claims,[37] TxDOT retained immunity from Lueck's suit because his "report" of a violation did not fall under the terms of the statute.[38] Specifically, TxDOT argued that Lueck did not actually report a violation of law, and the person to whom he sent the email was not a "law enforcement authority."[39] Lueck argued that those elements implicated only the merits of his claim, not the court's jurisdiction to hear the case, and were therefore not the proper subject of a plea to the jurisdiction.[40] We disagreed and held that the

---

[34] *See Lueck*, 290 S.W.3d at 881–82; *see also In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (citing *Lueck* for the proposition that "when elements of a statutory claim involve 'the jurisdictional inquiry of sovereign immunity from suit,' those elements can be relevant to both jurisdiction and liability").

[35] *Lueck*, 290 S.W.3d at 881.

[36] TEX. GOV'T CODE § 554.002(a).

[37] *Id.* § 554.0035.

[38] *Lueck*, 290 S.W.3d at 879.

[39] *Id.* at 879–80; *see also* TEX. GOV'T CODE § 554.002(a).

[40] *Lueck*, 290 S.W.3d at 881.

statutory elements in Section 554.002(a) are "jurisdictional when necessary to ascertain whether plaintiff has adequately alleged a violation of the [Whistleblower Act]."[41]

We looked to the language of the Whistleblower Act's immunity provision for support. Section 554.0035 provides that "[a] public employee *who alleges a violation of this chapter* may sue the employing state or local government entity for the relief provided by this chapter."[42] We stated:

> [I]t necessarily follows from this language that Lueck must actually allege a violation of the Act for there to be a waiver from suit. Therefore, the elements under section 554.002(a) must be considered in order to ascertain what constitutes a violation, and whether that violation has actually been alleged. We conclude that the elements of section 554.002(a) can be considered as jurisdictional facts, when it is necessary to resolve whether a plaintiff has alleged a violation under the Act.[43]

Otherwise, we reasoned, any superficial reference to the Act in a pleading would be sufficient to establish the State's consent to be sued—and additionally, the trial court's jurisdiction over the claim—a result the Legislature did not intend.[44]

*Lueck*'s reasoning applies to the prima facie elements of a TCHRA claim as well. As in *Lueck*, Chapter 21 of the Labor Code waives immunity from suit only when the plaintiff actually states a claim for conduct that would violate the TCHRA. The section waiving immunity from suit, Section 21.254, provides that after satisfying certain administrative requirements, "the *complainant* may bring a civil action."[45] A "complainant" is defined in the TCHRA as "an individual who brings

---

[41] *Id.* at 884.

[42] TEX. GOV'T CODE § 554.0035 (emphasis added).

[43] *Lueck*, 290 S.W.3d at 881.

[44] *See id.* at 882 (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)).

[45] TEX. LAB. CODE § 21.254 (emphasis added).

10

an action or proceeding *under this chapter*."[46]  Thus, as in *Lueck*, it necessarily follows that a

plaintiff must actually "bring[] an action or proceeding under this chapter" in order to have the right

to sue otherwise immune governmental employers.[47]  For a plaintiff who proceeds along the

*McDonnell Douglas* burden-shifting framework, the prima facie case is the necessary first step to

bringing a discrimination claim under the TCHRA.  Failure to demonstrate those elements means

the plaintiff never gets the presumption of discrimination and never proves his claim.[48]  And under

the language of Chapter 21 and our decision in *Lueck*, that failure also means the court has no

jurisdiction and the claim should be dismissed.

    This conclusion does not mean a plaintiff in Garcia's position will be required to marshal

evidence and prove her claim to satisfy this jurisdictional hurdle.[49]  While a plaintiff must plead the

elements of her statutory cause of action—here the basic facts that make up the prima facie case—so

that the court can determine whether she has sufficiently alleged a TCHRA violation, she will only

be required to submit evidence if the defendant presents evidence negating one of those basic facts.[50]

And even then, the plaintiff's burden of proof with respect to those jurisdictional facts must not

"involve a significant inquiry into the substance of the claims."[51]  Cases may exist where the trial

---

[46] *Id.* § 21.002(4) (emphasis added).

[47] *Id.*; *see also Lueck*, 290 S.W.3d at 881.

[48] *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex. 2001).

[49] *See Lueck*, 290 S.W.3d at 884.

[50] *See Miranda*, 133 S.W.3d at 228.

[51] *Lueck*, 290 S.W.3d at 884 (citing *Bland*, 34 S.W.3d at 554).

11

court decides, in the exercise of its broad discretion over these matters, that the inquiry is reaching too far into the substance of the claims and should therefore await a fuller development of the merits.[52] Nevertheless, *some* inquiry is necessary because if TCHRA plaintiffs were allowed to stand on talismanic allegations alone, the constraining power of pleas to the jurisdiction would practically be eliminated.[53]

### B. The Elements of the Prima Facie Case

Having decided that a plea to the jurisdiction is the proper vehicle for this challenge, we must now identify the elements of a prima facie case of age discrimination under the TCHRA. The first three elements are undisputed: the plaintiff must demonstrate that he or she was (1) a member of the protected class, (2) qualified for his or her employment position, and (3) terminated by the employer.[54] The controversy in this case arises from the fourth element. The District claims that, to establish the last prong of the prima facie case, Garcia must demonstrate that she was replaced by someone outside the protected class or by someone younger. The court of appeals, however, held that a plaintiff could also meet the fourth prong by demonstrating that she was "otherwise . . . discharged because of age," regardless of whether she was replaced by someone younger.[55] The question in this case is whether the test is actually that broad. We hold it is not.

---

[52] *See Bland*, 34 S.W.3d at 554.

[53] *Lueck*, 290 S.W.3d at 884.

[54] *Autozone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (per curiam). Under both state and federal law, the protected class for age discrimination claims consists of those 40 years of age and older. *See* TEX. LAB. CODE § 21.101; 29 U.S.C. § 631(a) (2006).

[55] 314 S.W.3d at 556.

12

There is no prima facie case requirement in the text of the TCHRA; the statute simply proscribes discrimination "because of race, color, disability, religion, sex, national origin, or age."[56] The mechanics of the prima facie case—and its significance in discrimination cases—are products of caselaw, specifically of the burden-shifting framework created by the U.S. Supreme Court in *McDonnell Douglas*[57] and consistently applied to TCHRA cases by this Court.[58]  As noted above, this framework allows a plaintiff who lacks direct evidence to raise an inference of discrimination by way of the prima facie case.[59]  However, the Supreme Court in *McDonnell Douglas* did not establish an immutable list of elements, noting instead that "[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required . . . is not necessarily applicable in every respect to differing factual situations."[60]  Accordingly, lower courts have been left to grapple with the specifics of how the test should be applied to particular types of claims.  In the age-discrimination context, the parties have noted something of a split in the federal circuits over the elements of the prima facie case, and more specifically, over the breadth of the fourth prong. Because the Texas Legislature has indicated we should look to federal law for guidance on

---

[56] TEX. LAB. CODE § 21.051.

[57] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).

[58] *See, e.g., Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005); *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003); *Quantum Chem.*, 47 S.W.3d at 476.

[59] *McDonnell Douglas*, 411 U.S. at 802.

[60] *Id.* at 802 n.13.

13

interpreting the TCHRA,[61] we consider this conflict before determining the proper elements in Texas.

## 1. The Approach in the Federal Circuits

For the most part, the federal circuits are in accord that a prima facie case of age discrimination requires a showing that the plaintiff was (1) a member of the protected group, (2) qualified for the job, and (3) discharged from his or her position.[62] However, that harmony turns to discord when we approach the fourth and final element. For example, under the Fifth Circuit's original prima face case, an age-discrimination plaintiff was simply required to show that "he was replaced with a person outside the protected group."[63] However, it soon became apparent that the *Price* test could not reasonably be applied in cases where the plaintiff was not replaced—so called reduction-in-force cases—so in 1983, the Fifth Circuit modified the final element so that a plaintiff could establish a prima facie case by showing he was (a) replaced by someone outside the protected class, (b) replaced by someone younger, or (c) otherwise discharged because of age.[64] This is the test the court of appeals applied in this case and the source of the parties' disagreement.

The District argues that the Fifth Circuit never intended the "otherwise discharged because of age" element to apply in true replacement cases like this one, but rather, simply carved out a niche for reduction-in-force cases. But in the years since *Elliott*, the Fifth Circuit has not so limited this

---

[61] *See* TEX. LAB. CODE § 21.001(1).

[62] *See, e.g.*, *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Wright v. Southland Corp.*, 187 F.3d 1287, 1290 (11th Cir. 1999); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 558 (10th Cir. 1996).

[63] *Price v. Md. Cas. Co.*, 561 F.2d 609, 612 (5th Cir. 1977).

[64] *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 565 (5th Cir. 1983).

final element.  In some cases, the court suggests that this replacement/reduction-in-force line is a hard and fast one and that the "otherwise show" option applies only "in circumstances where the plaintiff is not replaced."[65]  But in other cases, the court holds that "regardless of how much younger his replacement is, a plaintiff in the protected class may still establish a prima facie case by producing evidence that he was discharged because of his age."[66]  In short, we lack clear guidance from the Fifth Circuit on the proper articulation of the fourth element in true replacement cases.

Other federal circuits seem to lean toward the broader, more flexible approach.  For example, the First Circuit in *Loeb v. Textron, Inc.* rejected the requirement that the plaintiff show she was replaced by someone younger, noting that "[r]eplacement by someone older would *suggest* no age discrimination but would not disprove it conclusively."[67]  Similarly, the Eleventh Circuit in *Wright v. Southland Corp.* held that replacement by an older worker did not rule out age discrimination because, for instance, the "replacement may simply have been an ex post attempt to avoid liability for age discrimination."[68]  At the risk of over-generalizing, the most common rationale for these cases seems to be the flexibility inherent in the *McDonnell Douglas* formula.  As the U.S. Supreme Court has explained, the precise requirements of the prima facie case can vary depending on the context and were "never intended to be rigid, mechanized, or ritualistic."[69]  For its part, the Fifth

---

[65] *See Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

[66] *Rachid,* 376 F.3d at 309.

[67] *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013 n.9 (1st Cir. 1979) (emphasis added).

[68] *Wright*, 187 F.3d at 1305 n.23.

[69] *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978).

15

Circuit has added: "The necessary elements of a prima facie employment discrimination case are not Platonic forms, pure and unchanging; rather, they vary depending on the facts of a particular case."[70] Garcia contends this need for case-by-case flexibility favors the "otherwise show" formulation of the fourth prong, and argues her suit should proceed even though her replacement is indisputably older. The obvious counterargument is that someone alleging age bias is not entitled to the benefit of the prima facie *presumption* if the employer has replaced the plaintiff with someone even older. Fortunately, our task today is not to determine what the test currently is in each of the federal circuits; our task is to determine, based on that guidance, what the standard will be in Texas.

## 2. The Answer in Texas

We do not proceed on a clean slate. Though we have never addressed this specific issue, this Court has, at least once before, articulated the elements of an age-discrimination claim under the TCHRA. In *Autozone v. Reyes*, we were presented with a legal sufficiency challenge to a jury finding that age was a motivating factor in Salvador Reyes's firing from Autozone.[71] The ultimate outcome of that case has limited value here because Reyes was not replaced; instead, he argued age discrimination because Autozone's purported rationale for his discharge—that he had sexually harassed a female co-worker—had not been equally applied to younger workers.[72] However, our articulation of the prima facie case in *Autozone* is, at the very least, instructive:

---

[70] *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 641 (5th Cir. 1985).

[71] 272 S.W.3d 588, 591 (Tex. 2008).

[72] *See id.* at 594.

16

> To establish a violation of the Act, a plaintiff must show that he or she was (1) a member of the class protected by the Act, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) treated less favorably than similarly situated members of the opposing class.[73]

While we never used the words "prima facie case," the cases we cited for that proposition involved the *McDonnell Douglas* burden-shifting framework.[74] Our articulation of the elements is significant for two reasons. First, it indicates that, despite the flexible nature of the prima facie case, this Court has determined it is important to give concrete guidelines on the basic facts necessary to establish a presumption of discrimination. Second, the limited nature of the fourth element in *Autozone*—which requires evidence of favorable treatment toward those outside the protected class, rather than simply some evidence showing discrimination—weighs against a broad reading of that element here. We could have held in *Autozone* that a plaintiff proves age discrimination by generally presenting evidence that he was treated unfavorably because of age. Instead, we limited that basic fact to proof of less favorable treatment as compared to those outside the protected class. So while *Autozone* doesn't speak directly to the issue before us, it provides some support for a narrower articulation of the prima facie case.

We also find guidance in the U.S. Supreme Court's opinion in *O'Connor v. Consolidated Coin Caterers Corp.*, where the Court actually addressed the fourth element of the prima facie case.[75] That dispute arose from the termination of James O'Connor—age 56 at the time of his

---

[73] *Id.* at 592.

[74] *See id.* (citing *Monarrez*, 177 S.W.3d at 917; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)).

[75] 517 U.S. 308, 309 (1996).

17

discharge—and his replacement by a 40-year-old worker.[76] After O'Connor's claim was defeated in the trial court, the Fourth Circuit held that an age-discrimination plaintiff could only establish a prima facie case under *McDonnell Douglas* with proof that "following his discharge or demotion, he was replaced by someone of comparable qualifications outside the protected class."[77] Since O'Connor's replacement was within the protected class under the ADEA, the court of appeals concluded that he had failed to make out a prima facie case.[78] The U.S. Supreme Court reversed, holding that the "outside the protected class" element lacks probative value because "[t]he fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out *because of his age*."[79]

For our purposes, *O'Connor* is particularly instructive in its discussion of the facts that are relevant to the prima facie case. Importantly, the Court did seem to suggest that concrete elements are proper for individual classes of cases by noting that "the question presented for our determination is *what elements must be shown* in an ADEA case to establish the prima facie case that triggers the employer's burden of production."[80] Generally, the Court held that each element must have a "logical connection" to the illegal discrimination for which it establishes a legally mandatory,

---

[76] *Id.*

[77] 56 F.3d 542, 546 (4th Cir. 1995).

[78] *Id.*

[79] *O'Connor*, 517 U.S. at 312 (emphasis in original).

[80] *Id.* at 311 (emphasis added).

18

rebuttable presumption.[81]  As applied to that case, the Court held that the "outside the protected

class" element had no such logical connection because there can be no greater inference of age

discrimination when a 40-year-old is replaced by a 39-year-old (someone outside the protected class)

than when a 56-year-old is replaced by a 40-year-old (someone within the protected class).[82]  In fact,

the case for age discrimination is stronger in the latter circumstance; as for the former, the Court

stated plainly that an inference of age discrimination "cannot be drawn from the replacement of one

worker with another worker insignificantly younger."[83]

If an inference of discrimination cannot be drawn from replacement by an "insignificantly

younger" worker, then one certainly cannot be drawn from replacement by an *older* worker.  That

is the situation confronting us today, and that is the reason we hold that a plaintiff in Garcia's

situation cannot make out a prima facie case of age discrimination.  In a true replacement case, an

age-discrimination plaintiff relying on the *McDonnell Douglas* burden-shifting framework must

show that he or she was (1) a member of the protected class under the TCHRA, (2) qualified for his

or her employment position, (3) terminated by the employer, and (4) replaced by someone younger.[84]

This holding is not meant to suggest that a plaintiff who is replaced by someone older can never

survive a plea to the jurisdiction and go on to prove age discrimination to the finder of fact; instead,

the plaintiff will simply be limited to the traditional method of proof requiring "direct evidence of

---

[81] *Id.* at 311–12.

[82] *Id.* at 312.

[83] *Id.* at 312–13.

[84] *See Autozone*, 272 S.W.3d at 592; *Monarrez*, 177 S.W.3d at 917.

19

discriminatory animus."[85]  For instance, Garcia's counsel posed this hypothetical situation at oral

argument: one official fires the plaintiff because of age bias, but a different official (independent of

the first) hires a replacement who happens to be older.[86]  Without expressing an opinion on whether

such a claim is indeed actionable under the TCHRA, we acknowledge that it is a logical possibility.

However, that plaintiff will be required to prove discriminatory intent on the part of the first official

by way of direct evidence; she does not get the benefit of the prima facie presumption because the

act of firing one worker and replacing her with someone older is not "more likely than not based on

the consideration of impermissible factors."[87]  So in essence, our holding today is simply that a

plaintiff who is replaced by an older worker does not receive the inference of discrimination that the

prima facie case affords.  This holding properly limits the role of the prima facie case in TCHRA

litigation, while still leaving open the possibility, however rare, that a plaintiff who is replaced by

an older worker can still prove age discrimination via direct evidence.

### C. Application

In its plea to the jurisdiction, filed 98 days before the hearing, the District presented

undisputed evidence that Garcia was replaced by someone three years older.  That evidence negated

one of the essential elements of the prima facie case, thus triggering Garcia's duty to raise a fact

---

[85] *Quantum Chem.*, 47 S.W.3d at 476.

[86] *See Wright*, 187 F.3d at 1292 (noting that a plaintiff may be able to prove discrimination even though the prima facie case does not apply and posing the following hypothetical: "For instance, imagine a situation in which a racist personnel manager for a corporation fires an employee because he is African American.  Shortly thereafter, the racist personnel manager is replaced, and the previously terminated employee is replaced by another African American.  Under these circumstances, the first individual would have been the victim of illegal discrimination, despite the fact that his replacement was of the same race.").

[87] *Furnco Constr.*, 438 U.S. at 577.

20

question on the issue of discriminatory intent.[88] She never did, nor did she seek additional time to do so. As we held in *Miranda*, trial courts considering a plea to the jurisdiction have broad discretion to allow "reasonable opportunity for targeted discovery"[89] and to grant parties more time to gather evidence and prepare for such hearings.[90] Garcia had ample opportunity to seek discovery,[91] during the nine months following this Court's remand in *Garcia I* and before the District filed its plea to the jurisdiction refuting her prima facie case, and certainly during the three months that passed before the hearing on that plea. In sum, when presented with (1) undisputed evidence that Garcia's replacement was older, and (2) no countervailing evidence raising a material fact question on discriminatory intent, the trial court should have granted the District's plea to the jurisdiction.

## III. Conclusion

We reverse the court of appeals' judgment in part and render judgment dismissing Garcia's suit.[92]

---

[88] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (likening our plea to the jurisdiction practice to summary judgment and noting that once the state meets the summary judgment standard of proof, the plaintiff simply has to demonstrate a disputed material fact question).

[89] *Id.* at 233. The dissent laments the lack of discovery at the plea to the jurisdiction stage, urging arguments similar to those raised in the *Miranda* dissent. *See id.* at 235–36 (Jefferson, J., dissenting).

[90] *Id*. at 229 (majority opinion).

[91] Garcia filed this suit in 2004 and before that pursued her allegations at the Texas Workforce Commission's Civil Rights Division, which enforces Texas anti-discrimination laws and investigates to determine if there is reasonable cause to believe the employer violated the TCHRA. *See* TEX. LAB. CODE § 21.204.

[92] Our judgment includes a dismissal of Garcia's retaliation claim, as requested by the District in its briefing. This action expresses no opinion on the merits of the claim, which the court of appeals remanded after determining that Garcia had properly stated a claim for retaliation. We reverse and render on this issue simply because Garcia has apparently abandoned that claim. In her briefing before this Court, Garcia incorrectly states that the retaliation "issue

21

_____
Don R. Willett
Justice

**OPINION DELIVERED:** June 29, 2012

---

was resolved by the Court of Appeals in [the District's] favor" and as a result, she declines to respond or make any argument as to why her retaliation claim should survive. In addition, Garcia indicates that she has no desire to "appeal" on the retaliation issue and in our view, has therefore abandoned any argument thereon. In this unusual situation, we grant the District's requested relief without considering the merits and render judgment dismissing Garcia's retaliation claim.